Rita M. Morales, Esq. (CA SBN 127115)
**MIRANDA MORALES LAW FIRM**
1500 Rosecrans Ave., Ste. 500
**Manhattan Beach, CA 90266**
Direct Telephone: 310. 451. 6222x1002
Direct Email: rmorales@moralesemploymentlaw.com

ATTORNEYS FOR PLAINTIFF
GREGORIO GARCIA-VALLE

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| GREGORIO-GARCIA-VALLE,<br><br><br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA;<br>UNITED STATES DEPARTMENT OF<br>HOMELAND SECURITY, IMMIGRATION<br>AND CUSTOMS ENFORCEMENT;<br>THOMAS HOMAN, IN HIS OFFICIAL<br>CAPACITY, AS ACTING DIRECTOR OF<br>THE U. S. IMMIGRATION AND CUSTOMS<br>ENFORCEMENT; AND ELAINE C. DUKE,<br>IN HER OFFICIAL CAPACITY AS ACTING<br>SECRETARY OF HOMELAND SECURITY,<br>AND DOES 1-100, inclusive<br><br>Defendants. | USDC Case No. 5:17-cv-01027-MWF-AGR<br><br><br>PLAINTIFF GREGORIO GARCIA-<br>VALLE'S FIRST  AMENDED<br>COMPLAINT FOR DAMAGES;<br>AND FOR DECLARATORY AND<br>INJUNCTIVE RELIEF<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Gregorio Garcia-Valle hereby files his First Amended Complaint and for Declaratory and Injunctive Relief, as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff Gregorio Garcia-Valle became a lawful permanent resident of the United States in or about December 21, 1999.

2.      On or about February 5, 2014, law enforcement officers of the U. S. Department of Homeland Security, (DHS), United States Immigration and Customs Enforcement (ICE) unlawfully arrested, detained, prosecuted, deported and prevented the return of Plaintiff, in violation of an Automatic Stay of Removal pursuant to 8 C.F.R. § 1003.23(b)(4)(ii).

3.      As a result of Defendants actions, Plaintiff suffered the direct results of illegal imprisonment, unlawful arrest, detention, prosecution, wrongful deportation and illegal exclusion from the United States until on or about May 8, 2014, when DHS/ICE officials finally admitted that there was an Automatic Stay in place and that in fact that DHS/ICE had wrongfully arrested, detained, prosecuted, deported and illegally refused to permit Plaintiff from re-entry.

4.      Plaintiff continues to suffer ongoing, concrete harm to the stigmatization caused by residual misleading and derogatory information concerning Plaintiff's lawful permanent residency status that remains within the federal agency databases as a result of the wrongful removal, deportation, and then detaining him even longer after permitting him to re-enter.

5.      Without affirmative action by the Department of Homeland Security to search and purge its' databases of all derogatory information suggesting that Plaintiff had been subject to removal orders (which is false), Plaintiff will continue to suffer the tangible, adverse effects ICE's unfounded and unlawful determination that Plaintiff was subject to a removal order deported and prohibited from re-entry into the United States.

6.      Accordingly, Plaintiff brings this action for damages under the Federal Tort Claims Act ("FTCA") and for declaratory and injunctive relief pursuant to the Administrative Procedure Act ("APA").

## JURISDICTION AND VENUE

7.      This Court has jurisdiction over the subject matter of Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1346(b) (FTCA), and 5 U.S. C. §702 (Administrative Procedure Act).

8.      On or about February 5, 2016, Plaintiff timely submitted an Administrative Tort Claim to ICE and DHS, seeking damages as compensation for, *inter alia*, malicious prosecution, wrongful arrest, detention and deportation, and intentional and negligent infliction of emotional distress, by ICE law enforcement officials and their refusal to permit Plaintiff to re-enter the United States based on a non-existent removal order and when they deported him on or about February 6, 2014.  Plaintiff's Administrative Tort Claim was timely because he submitted it less than two years after his claims arose on or about May 8, 2016, the date Plaintiff was finally permitted to re-enter the country and only after ICE/DHS discovered that in fact, Plaintiff should not have been removed nor deported. DHS and ICE denied Plaintiff's Administrative Tort Claim on or about  November 25, 2016. Plaintiff has therefore exhausted all available administrative remedies and timely filed the instant action.

9.      This Court has jurisdiction over Plaintiff's APA claim pursuant to 5 U. S. C. §702, et seq.  The Department of Homeland Security and ICE have taken final agency action contrary to the U. S. Constitution, and in excess of statutory authority including the Immigration and Nationality Act, 8 U. S. C. §§1101, et seq.

10.      Venue is proper in this District pursuant to  28 U.S.C. § 1402(b) because Plaintiff resides within the Central District of California and because the acts or omissions giving rise to Plaintiff's claims occurred within this judicial District.

**PARTIES**

11.      Plaintiff Gregorio Garcia-Valle, is a forty-three (43) year old male, married to a U. S. citizen and has three (3) U. S. citizen children. Plaintiff is a lawful permanent resident of the United States and has been so since December 21, 1999.

12.      Defendant United States of America is the appropriate defendant under the Federal Tort Claims Act.

13.       Defendant U. S.  Department of Homeland Security (DHS) is a federal agency under the Executive Branch of the United States Government and is charged with administering and enforcing the nation's immigration laws.

14.      Defendant U. S. Immigration and Customs Enforcement is an investigative agency within DHS and is responsible for enforcing federal immigration laws.

PLAINTIFF GREGORIO GARCIA-VALLE  FIRST AMENDED
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

15.     Defendant Thomas Homan, is, on information and belief, the Acting Director of ICE.  Director Homan is responsible for supervising and implementing all ICE policies and programs.

16.     Defendant Elaine C. Duke is the Acting Secretary of the Department of Homeland Security.  ICE, Customs and Border Protection and USCIS are DHS agency components. As head of DHS, Secretary Duke has authority over all DHS policies, procedures and practices related to the agency's immigration enforcement functions.

17.     The Immigration Customs and Enforcement ("ICE") is a federal agency of the United States of America and exists under the Constitution of the United States of America and laws enacted by the United States Congress. ICE was at all times relevant herein an agency of the United States Department of Homeland Security, organized and existing under the laws of the United States. The United States is vicariously liable for the misconduct of its agents and employees, and is directly liable for failure to supervise employees properly, failure to properly train employees and failure to implement sufficient procedures to guard against torts that occurred in this case.

18.     All ICE officers involved in Plaintiff's detention, civil prosecution, and removal (collectively "ICE officers") were at all times relevant to this Complaint employed by DHS, an executive agency of the United States.

19.     At all times relevant to this Complaint, ICE officers were acting within the scope and course of their employment with ICE.

20.     At all times relevant to this Complaint, ICE officers were acting as investigative or law enforcement officers.

21.     Defendants  Does 1-100, (hereinafter "Doe defendants") are and were at all times relevant to this Complaint,  law enforcement  and/or investigative officers employed by the Department of Homeland Security (DHS),  Immigration and Customs Enforcement ("ICE"), Customs and Border Protection, an agency of the United States of America, who were involved with the arrest, detention, prosecution and  removal of Plaintiff  from the United States, including their having refused re-entry based on non-existent removal orders. The Doe defendants are sued in their official and individual capacities under fictitious names because their true identities are unknown to plaintiff at this time. When plaintiff ascertains the identity of the Doe defendants, he will amend this Complaint accordingly.

-4-

22.     At all times relevant to this Complaint, the Doe defendants were acting within the scope and course of their employment with ICE and the Department of Homeland Security.

23.     At all times relevant to this Complaint, the Doe defendants were acting as investigative or law enforcement officers.

24 .    At all times relevant to this Complaint, the Doe defendants acted in concert and conspiracy and were jointly and severally responsible for the harms caused to plaintiff.

**FACTUAL ALLEGATIONS**

25.     Plaintiff Gregorio Garcia-Valle was born in Mexico on May 9, 1970.

26.     On or about December 21, 1999, Plaintiff was admitted as a lawful permanent resident of the United States and continued to maintain his lawful residency without interruption, but for the government's illegal actions as alleged herein.

27.     In or about sometime in July 2008, Plaintiff was placed in removal proceedings and initially charged with removability under 8 U.S.C. § 1227(a)(2)(E)(i) of the Act. The removability charge was withdrawn and a modified charge was filed.

28.     As a lawful permanent resident with lengthy years in the United States, with immediate relatives who are lawful permanent residents and/or United States citizens, and without criminal misconduct that would result in a statutory bar, Plaintiff was eligible for multiple forms of relief from removal, which he sought in the form of adjustment of status to lawful permanent resident under 8 U.S.C. § 1225, and cancellation of removal under 8 U.S.C. § 1229b(a).  Plaintiff was represented by counsel at all times relevant herein, and specifically throughout the removal proceedings initiated in 2008 through their termination in December 2016.

29.     During the period from July 2008 to February 2014, Plaintiff had appeared at all hearings before the Immigration Court and was represented by counsel.

30.     On or about October 4, 2013, Plaintiff was scheduled to appear before the Immigration Court.  As a result of the federal government shutdown, the hearing was cancelled without a new hearing date.

31.     On or about December 10, 2013, Plaintiff was ordered removed, *in absentia*. An *in absentia* removal order does not reach the merits any of the applications for relief pending before the Immigration Court.   Neither Plaintiff nor his counsel had received notice of the

PLAINTIFF GREGORIO GARCIA-VALLE  FIRST AMENDED
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

rescheduled hearing date, and consequently neither plaintiff or counsel appeared before the Court on that date.

32.     On or about December 13, 2013, upon receipt of the notice of the *in absentia* order of removal, Plaintiff, through his counsel, filed a motion to re-open proceedings on the grounds that the entry of the *in absentia* removal order was unlawful in the absence of receipt of proper notice by Plaintiff or his counsel. On the same date, December 13, 2013, the Office of Chief Counsel, DHS/ICE, was served with a copy of said motion. Upon the filing of the motion to reopen, involving an *in absentia* order of removal, a stay of removal issues by operation of law pursuant to 8 C.F.R. § 1003.23(b)(4)(ii).

33.     Nonetheless, on or about February 6, 2014, several law enforcement officers from the Department of Homeland Security, Immigration and Customs Enforcement, [DHS/ICE] Fugitive Operations Unit, Santa Ana office, descended upon Plaintiff at his workplace in Chino, California, where he had been employed for several years, detained and arrested Plaintiff, in the presence of his supervisors, managers and co-workers and transported him to the field office in Santa Ana, California.  This, despite Plaintiff's claims that he, in fact, had a pending matter before the Immigration Court.  Plaintiff offered to provide documentation, but the officers blatantly refused to allow Plaintiff to provide them with this evidence.  Plaintiff's urged the officers to contact his attorney who could corroborate his claim to no avail.

34.     Upon arrival at the Santa Ana field office, on the same date of February 6, 2014, plaintiff continued to assert that there was a matter pending before the Immigration Court, and he requested that the officer contact his attorney. The officer declined to do so.  Plaintiff was able to contact his spouse, who in turn contacted counsel.  Plaintiff's immigration attorney contacted one of the officers at the Santa Ana field office and informed him  that a motion to reopen had been filed, and that an automatic stay of removal issued by operation of law, preventing plaintiff's removal from the United States. Notwithstanding counsel's representation, Plaintiff was deported to Mexico that same afternoon.

35.     Upon information and belief, DHS/ICE has an electronic system in place which receives notifications from the Office of Chief Counsel when an order of removal has been entered by the Immigration Court, and/or when a motion to reopen has been filed which triggers a stay of removal.

PLAINTIFF GREGORIO GARCIA-VALLE  FIRST AMENDED
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

36.      On December 13, 2013, the Office of Chief Counsel, DHS/ICE, was served with a motion to reopen proceedings after an *in absentia* order of removal.  Upon information and belief, on that date, officers of the Fugitive Operations Unit, DHS/ICE, were notified that a motion to reopen proceedings, after an *in absentia* order of removal, was filed by plaintiff challenging the legality of the *in absentia* order of removal, which triggered a stay of removal by operation of law, and that plaintiff could not be legally removed from the United States. Nevertheless plaintiff was so removed to Mexico on or about February 6, 2014.

37.      After Plaintiff was removed, he, along with about thirty (30) other detainees were dumped off in the rain in Tijuana, Baja California, Mexico,  without any money to call anyone and without any identification which had been taken from Plaintiff at the time of his arrest and not returned by the officers.

38.      On or about February 11, 2014, Plaintiff was fired from his long-time employment and lost all attendant benefits, including his seniority, medical benefits for his minor United States children and spouse, as well as other benefits to which he was entitled, but for Defendant's negligence and wrongful deportation.

39.       On or about February 15, 2014, Plaintiff was finally able to reach relatives in Aquascalientes, Mexico, where he stayed until his return to the United States could be arranged.

40.      The Immigration Court found the assertion of lack of notice by Plaintiff and his counsel to be meritorious and formally reopened the removal proceedings on or about March 15, 2014.  There was no opposition from the Office of Chief Counsel, DHS/ICE.

41.      On or about April 3, 2014, that Plaintiff was informed that in fact, he should have never been arrested, much less deported.  DHS/ICE admitted that they had illegally arrested and wrongfully deported Plaintiff and agreed to make arrangements for his immediate return to the United States.

42.      Despite this agreement, on April 7, 2014, and upon Plaintiff's presenting himself at the international border for inspection and lawful return to the United States, as arranged by the Office of Chief Counsel, DHS/ICE, Plaintiff was taken into DHS/ICE custody and transported to its detention facility in Adelanto, California, where he was forced to remain in custody for at least another 30 days until an Immigration Judge ordered his released on bond.

43.      On or about May 8, 2014, Plaintiff was finally released from the custody of DHS/ICE in Adelanto, CA. and able to reunite with his family.

PLAINTIFF GREGORIO GARCIA-VALLE  FIRST AMENDED
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

44.     After multiple subsequent hearings, the Court order removal proceedings terminated on or about December, 2016.

45.     Based on information and  belief, and the facts as set forth hereinabove, Plaintiff alleges that the derogatory and false information continues to exist in the federal agency databases and has not been purged, to his detriment and that of his immediate family, all who are U. S. citizens, and of future and imminent risk of arrest, detention, prosecution, deportation and wrongful denial of any benefits for which he may be eligible as a lawful permanent resident of the United States, including international travel and any application for U. S. citizenship.

46.     Plaintiff has suffered significant emotional distress and economic hardship, as a result of Defendants illegal and wrongful deportation of him.

47.     Throughout the period that plaintiff was forced to remain in Mexico and unable to return to the United States, as a result of the Defendants' actions, Defendants knew or should have known that they had acted unlawfully in deporting plaintiff and knew or should have known that they had brought about plaintiff's wrongful removal from the United States.

48.      Since his return to the United States, Plaintiff continues to reside with his United States citizen children and spouse as a lawful permanent resident.

49.     As a result of Plaintiff's unlawful deportation, he was separated from his three U.S. citizen children and United States citizen wife.

50.     While in Mexico, plaintiff feared that he would never be able to return to the United States and that he would be permanently separated from his family.

51.     Plaintiff suffered significant financial harm as he was fired from his job due to his illegal and wrongful deportation.

52.     Due to plaintiff's inability to provide financially for his wife and children, plaintiff feared greatly for the economic and physical security of his family, all who are United States citizens,  which caused plaintiff emotional distress.

53.      As a result of his unlawful deportation, plaintiff suffered physical symptoms, including difficulty sleeping, persistent headaches, and emotional distress.

54.     Plaintiff's damages in the areas of physical injury, emotional distress, lost liberty and financial losses, as described above, were the direct and proximate result of the conduct of the named and Doe defendants.

PLAINTIFF GREGORIO GARCIA-VALLE  FIRST AMENDED
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

55.    At all times relevant to this Complaint, the conduct of the named and  Doe defendants was in willful, reckless, and callous disregard of plaintiff's rights under federal and state law.

## CLAIMS FOR RELIEF

### Count I

### Federal Tort Claims Act – False Imprisonment

56.    The Defendants, and each of them, unlawfully and without plaintiff's consent deprived plaintiff of his liberty by physically expelling him from the United States, prohibiting his re-entry and failing to act to bring about plaintiff's return to the United States.

57.    As a result of the Doe defendants' actions and inactions, plaintiff was prevented from entering the United States for approximately and almost 90 days.

58.    The deprivation of plaintiff's liberty continued from the date of his unlawful deportation on February 5, 2014, and continuing until his return to the United States on or about May 8, 2014.

59.    The actions of the Doe defendants constitute the tort of false imprisonment under the laws of the State of California.

60.    Under the Federal Tort Claims Act, Defendant United States of America is liable for these actions.

### Count II

### Federal Tort Claims Act – Negligence

61.    The Defendants, and each of them, owed a duty to plaintiff not to deport him in violation of the law and not to prevent plaintiff's return to the United States in violation of the law.

62.    The actions of Defendants, and each of them, resulted in the wrongful deportation of plaintiff and wrongfully prevented plaintiff from returning to the United States.

63.    As such, the Defendants, and each of them, breached their duty to plaintiff and were a direct and proximate cause and a substantial factor in bringing about plaintiff's damages outlined above.

64.    The actions of the Defendants, and each of them, constitute the tort of negligence under the laws of the State of California.

PLAINTIFF GREGORIO GARCIA-VALLE  FIRST AMENDED
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

65.     Under the Federal Tort Claims Act, Defendant United States of America is liable for these actions.

## Count III

### Federal Tort Claims Act – Intentional Infliction of Emotional Distress

66.     The conduct of Defendants, and each of them, in acting to deport plaintiff, by willfully misrepresenting his immigration status and illegally excluding him by preventing plaintiff from returning to the United States, and thereafter, detaining him long after Defendants agreed to arrange his return when they realized their illegal actions when they deported him – notwithstanding his lawful status as a permanent resident of the United States and without a removal order, was outrageous and extreme.

67.     Defendants, and each of them, acted intentionally or in deliberate disregard of plaintiff's emotional distress.

68.     Plaintiff suffered severe emotional distress as a direct and proximate result of the actions of Defendants and each of them.

69.     The actions of the Defendants, and each of them, constitute the tort of intentional infliction of emotional distress under the laws of the State of California.

70.     Under the Federal Tort Claims Act, Defendant United States of America is liable for these actions.

### Count IV

### Federal Tort Claims Act – Negligent Infliction of Emotional Distress

71.     The Defendants, and each of them, as outlined above, owed plaintiff a duty of care, breached that duty, and caused plaintiff to suffer severe emotional distress, which was the direct and proximate result of defendants' breach of duty.

72.     The actions of the Defendants, and each of them, constitute the tort of negligent infliction of emotional distress under the laws of the State of California.

73.     Under the Federal Tort Claims Act, Defendant United States of America is liable for these actions.

///

///

///

PLAINTIFF GREGORIO GARCIA-VALLE  FIRST AMENDED
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

**Count V**

**Federal Tort Claims Act – Malicious Prosecution/Malicious Use of Process**

74.      The Defendants, and each of them, by virtue of their actions to deport plaintiff and prevent plaintiff from returning to the United States, instituted illegal proceedings against plaintiff.

75.      Because there was an automatic stay of removal, there was no legal cause to justify Plaintiff's removal by Defendants, and each of them, and Defendants' actions were carried out with malice.

76.      Because the December 10, 2013, removal order was unlawful, and there was no legal cause to justify plaintiff's deportation and removal from the United States on February 5, 2014, nor at any time thereafter, by Defendants, and each of them, - Defendants' actions were carried out with malice.

77.      The Department of Homeland Security's granting Plaintiff permission to re-enter the United States, termination and/or cancellation of any arguable removal order, and thereafter issuing a new Permanent Resident Card is a favorable termination of the proceedings brought against Plaintiff.

78.      As a direct and proximate result of the actions of Defendants, and each of them, plaintiff was deprived of his liberty in that he was expelled from the United States, and his return was prohibited .

79.      The actions of the Defendants, and each of them, constitute the tort of malicious prosecution and/or malicious use of process under the laws of the State of California.

80.      Under the Federal Tort Claims Act, Defendant United States of America is liable for these actions.

**Count VI**

**Administrative Procedure Act-Agency Action Contrary to Law**

81.      All previous paragraphs are incorporated as though fully set forth herein.

82.      The actions of Defendants DHS, ICE, Homan and Duke, constitute final agency action, contrary to law. 5 U. S. C. §706 (2) (A). Specifically, despite the fact that Defendants have agreed to retrospective relief for DHS/ICE's illegal deportation  of Plaintiff- in the form of admitting the automatic stay preventing removal and finally permitting him to re-enter-they have

-11-

failed to address the need for prospective relief including a search and purge of DHS and all federal agency databases.

83.     DHS/ICE's actions in arresting, detaining, and deporting Plaintiff were unlawful and violated the Immigration and Nationality Act, the U. S. Constitution and the APA.

84.     Attendant to DHS/ICE's unlawful actions are entries into DHS and other databases falsely and maliciously claiming Plaintiff was subject to a removal order that had not been automatically stayed and was deportable by the United States.

85.     Upon information and belief, the residual data associated with these entries remains uncorrected within the DHS and other agency databases.

86.     As a consequence of this residual erroneous data entered in violation of law, Plaintiff is suffering ongoing, concrete harm, including potential of being arrested, detained, prosecuted and deported based on false information  generated by the United States government.

87.     Plaintiff is within the zone of interests of the Immigration and Nationality Act sought to protect him and his family, by limiting the authority of the U. S immigration officials to arrest, detain and deport lawful permanent residents who are not subject to a removal order and/or for which a stay of removal has been granted or issued, by operation of law or otherwise.

88.     No administrative remedy is available to Plaintiff for the violation of his right to be free from residual effects of his unlawful deportation. In the alternative, any such administrative remedy, if it does exists, would be futile.

89.     No other remedy exists at law that would provide Plaintiff with the ability to obtain a judicial order for DHS and ICE to search and purge agency databases of derogatory , inaccurate and false information.

**Wherefore**, Plaintiff respectfully requests the following relief:

A.  A declaration that Plaintiff was subjected to malicious prosecution, falsely imprisonment, negligence, intentional and/or negligent infliction of emotional distress, at the hands of the United States government,  as a result of his wrongful deportation/illegal exclusion from the United States,  in violation of the Federal Tort Claims Act;

B.  Nominal and Compensatory damages for the injuries Plaintiff has suffered as a result of his malicious prosecution, false imprisonment, negligence and intentional and negligent infliction of emotional distress and wrongful deportation/unlawful exclusion from the

United States as a result of the illegal actions of the United States government and its' agents-  in the amount of $1, 500,000.00;

C.  A declaration that Defendants have violated Plaintiff's rights under the Administrative Procedure Act by failing to search, correct and purge all derogatory and false information relating to Plaintiff contained in all federal agency databases , as a result of the initial wrongful deportation beginning on or about February 5, 2014;

D.  A permanent injunction requiring Defendants to search all DHS/ICE databases and all other federal agency databases, to correct all derogatory and false information pertaining to Plaintiff contained therein as a result of their wrongful deportation/illegal exclusion of Plaintiff;

E.  Reasonable attorneys' fees and costs pursuant to the Equal Access to Justice Act;

F.  Pre-judgment interest on any award of damages to the extent permitted by law; and

G.  Such other and further relief as may appear just and appropriate.


**PLAINTIFF HEREBY AND RESPECTFULLY DEMANDS A JURY TRIAL**

Dated: December 6, 2017          Respectfully submitted:

/s/ *Rita Morales*
Rita M. Morales, Esq. (Cal SBN 127115)
**MIRANDA MORALES LAW FIRM**
1500 Rosecrans Ave., Ste. 500
**Manhattan Beach, CA 90266**
Direct Telephone: 310. 451. 6222x1002
Direct Email: rmorales@moralesemploymentlaw.com

***ATTORNEYS FOR PLAINTIFF GREGORIO GARCIA-VALLE***


*Certification of Counsel for Plaintiff*

I hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.


/s/ *Rita Morales*
Rita M. Morales, Esq.

-13-
PLAINTIFF GREGORIO GARCIA-VALLE  FIRST AMENDED
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

      I hereby certify that on December 8, 2017, I electronically filed the foregoing document using the CM/ECF system, which will automatically send notification of this filing to all counsel of record.


                                      *s/ Rita Morales, Esq.*

                                      Rita Morales

PLAINTIFF GREGORIO GARCIA-VALLE  FIRST AMENDED
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFF GREGORIO GARCIA-VALLE  FIRST AMENDED
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF